BALTIMORE & O. R. CO. v. ANDERSON.

(Circuit Court of Appeals, Sixth Circuit.  July 8, 1896.)

No. 410.

PROXIMATE CAUSE—RAILROAD CROSSING—DEFECTIVE GATE.

> A defect in a gate at a railroad crossing is not the proximate cause of an injury received by one who, after passing by the gate, sees a train approaching, but tries to cross the track, and gets his foot caught, and is consequently injured by the train.

Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

J. H. Collins, for plaintiff in error.

G. M. Skiles, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge.  The action below was brought by A. H. Anderson, an infant, suing by his next friend, D. S. Anderson, against the Baltimore & Ohio Railroad Company, to recover damages for a personal injury caused, as it is alleged, by the negligence of that company.  The plaintiff was a newsboy in the village of North Baltimore, Wood county, Ohio.  He was 12 years of age, and was admitted to be a bright boy.  The line of the defendant company passes through this village, and the plaintiff was in the habit of selling newspapers in and about its passenger station.  The main street of the village crosses the railway track at right angles, a few feet away from the station.  Gates, as required by law, are placed on each side of the railway crossing, to be lowered on the approach of trains.  An arm of the gate extended across the sidewalk, but this arm was partly broken off.  The averment of the petition with reference to this was as follows:

> "Plaintiff avers that at said time and place (that is, of the accident) said defendant negligently and carelessly permitted and allowed gates (to guard said crossing) to be used, which were defective in this, to wit: That the arms or portion of said gates intended to extend across the sidewalks were broken off to such an extent that they did not extend more than halfway across said sidewalks, all of which said defendant well knew, or could have known, had it exercised a reasonable amount of care and caution in the premises. * * * Plaintiff says that said injuries were caused solely by and through the carelessness, negligence, and default of said defendant as heretofore described, and without any fault or negligence of his."

Upon the statement of the plaintiff it appeared that the accident was caused in this wise:  He had crossed the railway from the station, to get some newspapers at the post office, and was returning with them.  He passed under or by the gate, and had come within seven or eight feet of the railway track, when he looked up the track towards the station, and saw a freight train slowly coming towards the crossing.  He passed diagonally across the street and over the track at the middle of the street.  As he stepped over the track, his foot, encased in a new shoe, was caught in a hole in the boards which were laid between the tracks to permit the passage of vehicles over them.  He struggled to release his foot by

getting it out of the shoe, but was unable to do so before the train ran him down and cut off his foot, so injuring him that he had to suffer two·amputations of his leg. There were many other charges of negligence than the one before alluded to, but, as the charge of the court in· every other·respect was proper, except that to which we are now about to refer, it is not necessary more fully to describe the course which the trial took. The court said, after stating the several acts of negligence:

"My first impression was that I would say to you that the charge of negligence, so far as related to the gates, was not material. The gates were merely intended as a warning to people to keep them from approaching the railroad track during the time they were down. But, in view of the decision in Hayes v. Railway Co., 111 U. S. 228, 4 Sup. Ct. 369, it is perhaps wiser that I should say to you that, if you find from the evidence in this case that this boy would have been stopped and prevented from going on that track if this arm had been on the gate, as the statute provided, and as it was originally intended that it should be, so as to prove a barrier to him, then it was negligence in the defendant in not having that arm .there. But if you find from the evidence that he would have passed by the gate at any rate, and that he afterwards had notice of the approach of the train, as he himself says, then this defect in the gateway would not be so material. You may still look at it, however, and determine whether or not, in your judgment, the accident would not have happened if that arm had extended clear across the sidewalk."

The effect of this charge, in our opinion, was to say to the jury that, although the plaintiff knew that the train was approaching, and saw it after he had passed the gate, nevertheless, if he would. not have passed the gate had it extended entirely across the sidewalk, they might return a verdict for the plaintiff on the ground of the failure of the railroad company to repair the gate. This part of the charge was duly excepted to, and the following charge upon the subject was requested by defendant, and refused: .

"The evidence as to the fact that a piece of the arm of the north gate which crossed the sidewalk was broken off or cut off is not sufficient to support a verdict upon the ground averred in the petition, and that part of the case attempted to be made in the petition is not to be considered by the jury as a ground of recovery."

In our opinion, the defendant was entitled to the charge as requested, and the charge as given by the court left open to the jury's consideration a charge of negligence in the petition which there was no evidence to sustain. It is manifest that a defendant cannot be held liable for negligence which does not cause the accident, and if, as was admitted by the plaintiff himself, and conceded throughout the case, the plaintiff saw the train coming after he had passed the gate, and before he reached the track, then we do not think there was any connection between the failure to have the gate in proper· condition and the accident which subsequently occurred. The gate was solely for the purpose of warning people in an emphatic way·of the approach of the train. It was not the intention of the law that it should operate as a wall or fence to keep the public or cattle off the track. The case referred to by the learned judge in support of his charge is that of Hayes v. Railroad Co., 111 U.·S. 228, 4 Sup. Ct. 369. In that case the railroad company had been required in running through a city park on the lake shore to

provide suitable walls, fences, or other sufficient works to prevent animals from straying upon or obstructing its tracks, and to secure persons and property from danger; said structure to be of suitable material and sightly appearance, and of such height as the common council may direct. The ground was a public park, and a playground for children, and free to all as a place of resort. A deaf and dumb boy eight or nine years of age had strayed onto the track, and was run over, and it was held that the question whether the absence of the fence caused the accident was a question for the jury, and that the court was in error in directing a verdict for the defendant. Mr. Justice Matthews, in delivering the opinion of the court, said:

"It is further argued that the direction of the court below was right, because the want of a fence could not reasonably be alleged as the cause of the injury. In the sense of an efficient cause, causa causans, this is, no doubt, strictly true; but that is not the sense in which the law uses the term in this connection. The question is, was it causa sine qua non,—a cause which, if it had not existed, the injury would not have taken place,—an occasional cause? and that is a question of fact, unless the casual connection is evidently not proximate."

In our opinion, the circumstances of this case and the admission of plaintiff show plainly that the casual connection of the defect in the gate and the accident, as it did occur, was not proximate. The purposes of the gate in this case and the required fence or wall in the cases cited were entirely different. When the gate here gave notice to passers-by of the approach of the train, it served the purpose of the statute. We cannot say that this error was not prejudicial to the defendant, even though the evidence discloses other grounds upon which the jury might well have found a verdict for the plaintiff against the defendant. We are obliged, therefore, to reverse the judgment, with directions to order a new trial.